OPINION OF THE COURT
Lisa M. Fisher, J.
This CPLR article 78 proceeding seeks to compel respondents to immediately provide petitioner with access to records and information pertaining to the discharge of E.C.[1] from the respondent New Scotland Residence (hereinafter NSR), and any and all records relative to recent admissions and discharges from NSR.
The matter was brought on by order to show cause and the court heard oral argument on this matter on May 20, 2016. Due to this matter’s sensitive nature,[2] the court set an accelerated schedule for respondents to serve an answer and petitioner to reply.[3] Despite setting a schedule to submit an answer, respondents instead moved to dismiss or, in the alternative, *687 requested additional time to submit an answer. Petitioner opposed the motion and made a temporal objection. Respondents requested additional time to submit a reply, which petitioner again objected to. The court noted that, due to respondents’ failure to properly notice the motion pursuant to CPLR 2214 (b) and 2103 (b), there was no right to reply. Further, given that it was “appropriate for the expeditious disposition of the controversy,” the court converted the motion to dismiss to one for summary judgment pursuant to CPLR 3211 (c). Each party was provided notice of the court’s conversion and was permitted to submit additional papers in support of its position. Each party supplemented its responses.
Notably, respondents allege in their memorandum of law that the current petition is “unnecessary,” and that “[Respondents do not object to the provision of the records so long as there is a judicial order to do so pursuant to MHL Section 33.13 (c) (1).” For the reasons that follow, respondents are so ordered to provide immediate access.
First, the court notes that section 33.13 (c) (1) of the Mental Hygiene Law permits a court to order disclosure of confidential clinical records or clinical information if the “interests of justice significantly outweigh the need for confidentiality.” The very next paragraph permits disclosure of confidential clinical records or clinical information “to the mental hygiene legal service” — which happens to be the petitioner (Mental Hygiene Law § 33.13 [c] [2]). This can be done without court order, and was withheld by respondents without apparent reason in this case. Thus, the petition is indeed “unnecessary.”
Second, as respondents have noted more times than petitioner did in its papers, Mental Hygiene Law §§ 47.01 and 47.03 which create, authorize, and deputize petitioner Mental Hygiene Legal Service (hereinafter MHLS) are very broad and expansive. MHLS “shall provide legal assistance to patients or residents of a facility . . . and to persons alleged to be in need of care and treatment in such facilities or places . . . .” (Mental Hygiene Law § 47.01 [a].) The legislature has required that MHLS shall perform numerous tasks, including
“(a) To study and review the admission and retention of all patients or residents which shall include a review of the willingness of the patient or resident to remain in his . . . status;
“(b) To inform patients or residents and, in proper *688 cases, others interested in such persons’ welfare of procedures for admission and retention and of the patients’ or residents’ right to have judicial hearing and review, to be represented by legal counsel, and to seek independent medical opinion;
“(c) To provide legal services and assistance to patients or residents and their families related to the admission, retention, and care and treatment of such persons, . . . and to inform patients or residents, their families and, in proper cases, others interested in the patients’ or residents’ welfare of the availability of other legal resources which may be of assistance in matters not directly related to the admission, retention, and care and treatment of such patients or residents;
“(d) To be granted access at any and all times to any facility or place or part thereof described in [Mental Hygiene Law § 47.01], and to all books, records and data pertaining to any such facility or place deemed necessary- for carrying out its functions, powers and duties;
“(e) To initiate and take any legal action deemed necessary to safeguard the right of any patient or resident to protection from abuse or mistreatment, which may include investigation into any such allegations of abuse or mistreatment of any such patient or resident” (Mental Hygiene Law § 47.03 [a]-[e]).
All of the above subdivisions are relevant to petitioner’s request in this matter. What respondents argue is that E.C. is no longer a “patient” or “resident” as E.C. was discharged— allegedly voluntarily — after a physical incident. This argument fails for several reasons. While Mental Hygiene Law § 47.03 does not specifically address “discharge” of patients or residents, the subdivisions deputize petitioner to address “retention” of a patient or resident — including assisting and protecting rights related to retention, even to assess the “willingness” of a patient or resident to remain at the facility. “Discharge” is nothing more than the antithesis of “retention,” and the court finds matters relating to discharge directly affect retention. Thus, petitioner is entitled to release of these documents.
Additionally, although respondents claim that E.C. voluntarily discharged himself/herself, respondents are obligated to fol *689 low the proper discharge planning and procedures under 14 NYCRR 595.9. While respondents are correct that their obligations under a voluntary discharge are limited, this regulation still places certain requirements on respondents. (See e.g. 14 NYCRR 595.9 [c]-[h].) This discharge is monitored by MHLS, as 22 NYCRR 823.2 governs the duties of the director of MHLS and requires that the director shall ensure “that there has been compliance with the procedures required by the Mental Hygiene Law for hospitalization, transfer, retention and release of patients” (22 NYCRR 823.2 [a] [6] [i]). It is axiomatic that, for MHLS to comply with its legal obligations under 22 NYCRR 823.2 (a) (6) (i), that MHLS would need access to discharge documents of patients or residents.
Third, while respondents’ speculate that petitioner is just fishing for evidence to possibly pursue a legal action in another matter as it relates to another patient or resident, this again is a specifically enumerated function of MHLS under Mental Hygiene Law § 47.03 (e).
As such, the court finds petitioner entitled to summary judgment under the first cause of action.
As to the second cause of action, which alleges respondents’ deliberate and continuous interference as it relates to petitioner’s duties and powers as it relates to another proceeding, the court finds it has insufficient evidence as to the efforts as it relates to the other proceeding. Further, the court believes such interference in the other proceeding — which is before another Supreme Court — is best addressed by that court and not collaterally addressed herein. Moreover, given that petitioner is awarded summary judgment as to the first cause of action, the second cause of action is moot.
To the extent not specifically addressed above, the parties’ remaining contentions have been examined and found to be lacking in merit or rendered academic.
Thereby, it is hereby ordered that respondents’ motion to dismiss (converted to summary judgment) is denied, in its entirety, and all other relief requested therein is denied in its entirety; and it is further ordered that petitioner’s application for summary judgment on the court’s conversion pursuant to CPLR 3211 (c) and 3212 (b) (last sentence) is granted, in its entirety; and it is further ordered that the first cause of action of the petition is granted, in its entirety, and petitioner shall have immediate access to the requested records in the petition, in the supporting papers, and as further required and permit *690 ted by statute or regulation; and it is further ordered that the second cause of action of the petition is denied, in its entirety, as another action is pending and the application is rendered moot.

. E.C. received mental health services from respondents and is a constituent of petitioner. For this reason, E.C.’s identity is protected in this matter.

. E.C. was discharged and E.C.’s whereabouts were not known by petitioner, nor presented to the court.

. Respondents’ initial request for 30 days was denied.